*Bamba v. U.S. Dep't of Homeland Sec.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of March, two thousand twenty-five.

PRESENT:
>> RICHARD J. SULLIVAN,
>> EUNICE C. LEE,
>>> *Circuit Judges*,
>> CHRISTINA C. REISS,
>>> *Judge.*[*]

––––––––––––––––––––––––––––––––––––––

MIANKANZE BAMBA,

>> *Plaintiff-Appellant*,

>> v.                                                      No. 23-7380

––––––––––––––––––––––

[*] Chief Judge Christina C. Reiss, of the United States District Court for the District of Vermont, sitting by designation.

UNITED STATES DEPARTMENT OF HOMELAND SECURITY, KRISTI NOEM, United States Secretary of Homeland Security,

*Defendants-Appellees*.[†]

_____

| | |
|---|---|
| **For Plaintiff-Appellant:** | MOHAMED M. BAMBA, Bamba Law, LLC, Columbia, MD. |
| **For Defendants-Appellees:** | ALYSSA B. O'GALLAGHER (Benjamin H. Torrance, *on the brief*), Assistant United States Attorneys, *for* Matthew Podolsky, Acting United States Attorney for the Southern District of New York, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Lewis J. Liman, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 13, 2023 judgment of the district court is **AFFIRMED**.

Miankanze Bamba appeals from the district court's grant of summary judgment in favor of his employer, the U.S. Department of Homeland Security ("DHS"), on his claims of race- and sex-based discrimination, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq.*  We

---

[†] The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

assume the parties' familiarity with the facts, procedural history, and issues on appeal.

We review a district court's grant of summary judgment *de novo* and view the evidence in the light most favorable to the non-moving party. *See James v. N.Y. Racing Ass'n*, 233 F.3d 149, 152 (2d Cir. 2000). Summary judgment is appropriate "only when there is no genuine issue as to any material fact." *Id.* An issue of material fact is "genuine" when "the evidence would permit a reasonable juror to find for the party opposing the motion." *Figueroa v. Mazza*, 825 F.3d 89, 98 (2d Cir. 2016).

## I. Failure to Hire

We conclude that the district court properly granted summary judgment in favor of DHS on Bamba's Title VII claims for failure to hire on the basis of race and sex. When assessing a claim for race and sex discrimination under Title VII, we apply the three-step *McDonnell Douglas* burden-shifting framework. *See Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012) (applying *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to Title VII claims). At step one, a plaintiff must "establish a *prima facie* case of discrimination by showing that (1) [he] is a member of a protected class; (2) [he] is qualified for h[is] position; (3) [he] suffered an

adverse employment action; and (4) the circumstances give rise to an inference of discrimination." *Bart v. Golub Corp.*, 96 F.4th 566, 570 (2d Cir. 2024) (internal quotation marks omitted). If "the plaintiff has established a *prima facie* case, the burden shifts to the employer to articulate some legitimate, nondiscriminatory reason for its adverse action" at step two. *Id.* (internal quotation marks omitted). If the employer articulates such a reason, then the burden shifts back to the plaintiff to show at the third step either "that the employer's stated justification for its adverse action was nothing but a pretext for discrimination" or "that[] even if the employer had mixed motives, the plaintiff's membership in a protected class was at least one motivating factor in the employer's adverse action." *Id.* at 567.

Even if we assume, as the district court did below, that Bamba established a *prima facie* case at step one of the *McDonnell Douglas* framework, we still agree with the district court that Bamba's claims fail at step three. The record is clear that, at step two, DHS articulated a legitimate, nondiscriminatory reason for not hiring Bamba – namely, that Bamba originally submitted a deficient application and then re-submitted his application after it was already too late. The burden then shifted to Bamba to show at step three that DHS's justification was merely a pretext for

4

discrimination or, in the alternative, that Bamba's race or sex was a motivating factor behind DHS's decision not to hire him. *See id.* This he failed to do.

On appeal, Bamba asserts that DHS's explanation for not hiring him – *i.e.*, Bamba's failure to submit a proper application for the supervisory program manager position – was merely a pretext because he submitted his application directly to DHS, as opposed to the Office of Personnel Management, and DHS "knew that he was applying for the position." Bamba Br. at 12. But this argument is directly contradicted by DHS's unopposed Local Civil Rule 56.1 Statement of Undisputed Facts ("Rule 56.1 Statement"), which explicitly averred that (1) the April 2018 job posting "required applicants to demonstrate that they had served 52 weeks at the GS-13 grade level," and (2) Bamba failed to "provide the grade or level of the position he then held." Dist. Ct. Doc. No. 78 at 2–3.[1] DHS's Rule 56.1 Statement also averred that even though Bamba re-submitted his

---

[1] While Bamba's memorandum of law in opposition to DHS's motion for summary judgment did include a section titled "Genuinely Disputed Material Facts," we agree with the district court that the section failed to conform with the district court's Local Civil Rule 56.1 and, thus, insufficiently contested the statement of facts in DHS's Rule 56.1 statement. *See* Loc. Civ. Rule 56.1(c) (Oct. 15, 2021) ("Each numbered paragraph in the statement of material facts . . . will be deemed to be admitted . . . unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party."); *see also T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("A nonmoving party's failure to respond to a Rule 56.1 statement permits the court to conclude that the facts asserted in the statement are uncontested and admissible.").

application in response to the August 2018 re-posting, he did so five days after "the cutoff date for the agency's first review of applicants," which meant that his application would only be reviewed "as needed" in the event that the first group of applicants proved unacceptable. *Id.* at 5–6. Ultimately, because Bamba failed to properly object to DHS's Rule 56.1 Statement and thus admitted the facts asserted therein, *see* Loc. Civ. Rule 56.1(c) (Oct. 15, 2021), he did not carry his burden at the third step of the *McDonnell Douglas* framework. We therefore affirm the district court's grant of summary judgment in DHS's favor on Bamba's Title VII claim. *See T.Y. v. N.Y.C. Dep't of Educ.*, 584 F.3d 412, 418 (2d Cir. 2009) ("In the typical case, failure to respond [to a Rule 56.1 Statement] results in a grant of summary judgment[.]").

## II. Hostile Work Environment

Bamba's hostile work environment claim fares no better. To establish a hostile work environment claim under Title VII, "a plaintiff must produce enough evidence to show that the workplace is permeated with discriminatory intimidation, ridicule, and insult, that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 102 (2d Cir. 2010)

6

(internal quotation marks omitted). The plaintiff must also show that the purported mistreatment occurred because of his protected characteristic. *See id.* With respect to a claim for race discrimination, a plaintiff can establish such causation by providing "evidence of harassment in such race-specific and derogatory terms as to make it clear that the harasser is motivated by general hostility to the presence of individuals of a particular race in the workplace" or "some circumstantial [evidence] or other basis for inferring that [the] incident[, though] race-neutral on [its] face[,] w[as] in fact discriminatory." *Tassy v. Buttigieg*, 51 F.4th 521, 533 (2d Cir. 2022) (alterations accepted).

We agree with the district court that Bamba failed to provide sufficient evidence of a racially hostile workplace. Although Bamba makes much of an altercation that he had with another DHS employee in March 2018 over Bamba's denial of the employee's request for funding, he does not challenge the district court's conclusion that he failed to show that the conduct was racially motivated. That alone is enough to defeat Bamba's appeal as to his hostile workplace claim. *See McCarthy v. Sec. Exch. Comm'n*, 406 F.3d 179, 186 (2d Cir. 2005) ("[A]rguments not raised in [the] appellant's opening brief . . . are not properly before an appellate court even when the same arguments were raised in the trial court."). But even

on the merits, the record does not include any evidence suggesting that the incident between Bamba and the other DHS employee concerned Bamba's race. Indeed, Bamba himself conceded that the other employee "never made an offensive statement to [him] about [his] skin color or race during this confrontation or at any other time."    App'x at 237; *see* Dist. Ct. Doc. No. 84-14 at 99–100.   Aside from some vague and conclusory assertions that the other employee had mistreated non-white employees in the past, Bamba failed to point to any evidence that would suggest that his altercation with that employee was motivated by or had anything to do with Bamba's race.   We therefore cannot say that the district court erred in granting summary judgment in favor of DHS on Bamba's hostile work environment claim.

*     *     *

We have considered Bamba's remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8